## NEW YORK SUPERIOR COURT

### ANGELINE AMORY agt. JAMES AMORY.

It is provided by statute that in actions for divorce on the ground of *adultery*, the court may, if the offense charged is denied, award a new or further trial of such issues, as often as justice shall seem to require. (2 *R. S.* 145, § 40.)

This section evidently applies to a further trial, after a trial of the issue made by the pleadings, of the *adultery charged.* It does not relate to the trial of any other issues.

A plaintiff who charges adultery by the defendant, and is defeated in her action, cannot claim a new trial under the statute referred to.

Where the plaintiff's suit was dismissed upon her failure to prove a marriage, and upon the further ground that she was incapable of contracting a marriage; the issue of the defendant's adultery was not tried, it being unnecessary to try it, after the other issues had been found against the plaintiff; consequently the plaintiff could not claim the benefit of this statute.

Where the plaintiff does not claim that she had not notice of the judgment she seeks to open, at the time it was entered, she is not entitled after one year to relief under section 174 of the Code. That provision limits the power of the court upon the judgment to any time *within one year after notice thereof.*

Where it appeared that the plaintiff, at the time of her alleged marriage with the defendant was a married woman—having another husband, this fact of itself rendered a marriage with the defendant wholly void.

*Special Term, November,* 1866.

MOTION to open or set aside a judgment, and for a new trial.

This action was commenced in July 1857, by Angelina Amory against James Amory, to procure a divorce upon the ground of the alleged adultery of the defendant.

The defendant, by his answer, after denying the marriage, alleged as a separate defense, that, at the time of the supposed marriage, the plaintiff was the lawful wife of one William A. Williams, who was then living.

Amory agt. Amory.

The issues were sent to a referee for trial, who found as facts: First. That the plaintiff and defendant were never married; and, second. That at the time of the alleged marriage, the plaintiff was the lawful wife of William A. Williams, who was then living.

Upon the report of the referee, it was adjudged by this court that the plaintiff and defendant were never married, and also that the plaintiff was incapable of contracting a lawful marriage with the defendant, by reason of her former marriage with Williams; and was, therefore, not entitled to the relief she demanded. Such judgment was entered on the 2d October, 1860. Prior thereto, however, a motion was made on behalf of the plaintiff to open the case for further proof of the marriage with the defendant, which, after full consideration, was denied.

The plaintiff now moved that the judgment be opened or set aside, and that a new trial be granted.

It was now alleged in support of this motion, that in 1851, in a suit for the partition of lands, the defendant and plaintiff were parties; that the plaintiff was therein alleged to be the wife of the defendant, and to be entitled to an inchoate right of dower in her husband's share, and that the decree in such suit provided for the payment to the plaintiff of a sum in gross, in satisfaction of said right of dower, upon her releasing the same to her husband. And it was insisted that such recognition and admission in that suit, of the plaintiff, as the wife of the defendant, and the adjudicatlon thereon establishing the marital relations of the parties, were an *estoppel* on the defendant to deny the marriage; and that with such proof before the referee, he could not have found the parties were not married.

S. SANXAY, *in support of the motion.*
W. FULLERTON, *opposed.*

MONELL, J. It is provided by statute that in actions for divorce on the ground of adultery, the court may, if the offense charged is denied, award a new or further trial of

such issues, as often as justice shall seem to require. (2 *R. S.* 155, § 40.) And it is claimed, on behalf of the plaintiff, that she is entitled to the relief she demands under such provision. I have not been able to find any judicial construction of that statute, but I am of opinion that it has no application to this case. The section was evidently intended to give the court power to award a new or further trial, after a trial of the issue made by the pleadings, of the adultery charged. It provides that if the offense is denied, the court shall direct an issue to be made, for the trial of the facts contested by the pleadings, by a jury, and may award a new trial, &c. The section does not relate to the trial of any other issues. Indeed, the whole article where the section is to be found, relates solely to divorces on the ground of adultery. A party against whom such issue has been found by a jury, may have a second trial, if justice shall seem to require it. It cannot be that a plaintiff, who charges adultery by the defendant, and is defeated in his action, can claim a new trial under the statutes referred to. In the case before me, the plaintiff's suit was dismissed upon her failure to prove a marriage, and upon the further ground that she was incapable of contracting a marriage. The issue of the defendant's adultery was not tried, it being unnecessary to try it, after the other issues had been found against the plaintiff.

I am satisfied that the plaintiff cannot claim the benefit of the statute to which I have referred. A defeated party, whose guilt of the offense has been established by the verdict of a jury, can alone avail himself of its provisions.

The Code provides (§ 174), that any time within one year after notice thereof, the court may relieve a party from a judgment, order or other proceeding, taken against him through his mistake, inadvertence, surprise or excusable neglect. But such provision limits the power to one year after notice, and is conclusive on this motion, as it is not claimed that the defendant had not notice of the judgment she seeks to open at the time it was entered.

Amory agt. Amory.

There is, however, another answer to this motion, which goes more to the merits of the application.

The only reason assigned for a new trial, is the evidence of marriage furnished by the partition suit; which, it is claimed, should conclude the defendant. Admitting that such effect would necessarily have to be given to the evidence suggested, there is still the other fact, which the plaintiff does not propose to controvert, namely, that at the time of her marriage to the defendant, she was a married woman. Such fact of itself rendered a marriage with the defendant wholly void. (*Bishop on Divorce, vol.* 1, § 299.)

Under any aspect therefore, even though the court had the power to open the judgment, and this was a case in which such power should be exerted, the plaintiff would be without any substantial relief. Her former marriage stands as a perpetual bar to her claiming to be the wife of the defendant. More than six years have elapsed since a solemn judgment of this court was pronounced against the plaintiff. What new relations the parties, or either of them, have formed, does not appear. But the security and quietude which such judgment has afforded, should not be disturbed, except for most clear and conclusive reasons.

I find nothing in the papers before me which furnishes any such reasons.

The motion must be denied.