No. 8230.

SUCCESSION OF MRS. ELLA ROTH. ON OPPOSITION OF J. M. DELAVALLADE.

It is settled that the recompense due by the separate estate of the wife for improvements placed thereon, during marriage, at the expense of the Community, is the enhanced value resulting to her separate estate from the improvements, at the date of the dissolution of the Community. If the improvements be added by the husband out of his separate funds, under the same circumstances, the recompense due him by the separate estate of the wife must be settled by the same rule, as there is no difference in principle between the two cases.

It is a perfectly equitable mode of fixing that enhanced value, to make an average of the valuations placed by all the witnesses on the land and improvements together and on the same separately.

A fee of $700, for the services of Counsel in maintaining a will, which controlled the disposition of an estate of $16,000, is not excessive.

APPEAL from the Twenty-third Judicial District Court, parish of Iberville. *Cole*, J.

*Geo. Wailes* and *Barrow & Pope* for the Opponent, Appellee:

First—Neither the community nor the husband can claim against the wife's separate estate, for improvements placed thereon, more than the enhanced value of the said separate estate at the death of the wife, and if the same exceeds the cost of the improvement, then only to the extent of the cost. 2 An. 43; 14 An. 763.

(a) To ascertain this value the rule laid down in 4 Rob. and 6 Rob., Nolan vs. Babin, must be followed. Where several witnesses make estimates of the value of a thing, an average should be taken. *In medeas res est veritas.* This rule fixes the improvement at $536.

(b) The fact that money used to make the improvement, and the cost of the improvement not being fixed by one witness and corroborating circumstances, the claim for $1340 is not established in favor of the separate estate of the husband.

Second—Attorney's fees being fixed in reference to amount of labor performed and value of the succession, other attorneys being engaged in some of the litigation, a fee of $1350 is a liberal allowance for one counsel, the succession not exceeding $15,000 or $20,000.

*A. & Ed. B. Talbot* for the Executor, Appellant.

The opinion of the Court was delivered by

FENNER, J. The testamentary executor of deceased prosecutes this appeal from a judgment sustaining the opposition of Delavallade to certain items of a provisional account filed by him.

I.

The executor, who was the husband of deceased, had, during marriage, erected on the separate property of his wife, a store, at an alleged cost of $1340, which cost he claims to have paid out of his separate funds.

In his present account, under the head of the active mass of the community, he enters an item of $770 as the proportionate value of the store, which was sold with the property at a total price of $2100.

Under the head of the passive mass of the community, he enters

an item of $1340, as the amount paid by him out of his separate funds for the self-same store.

In other words, he takes from the separate estate of the wife the entire value of the improvement as resulting from the sale, and passes it into the community of which he is half owner; and, at the same time, he takes from the community, of which the wife's succession is half-owner, the entire cost of the improvement, and passes that amount into his own separate estate.

These items were opposed, the first-mentioned as excessive, and the last as entirely illegal.

The judge *a quo* reduced the first item from $770 to $536; and rejected the second item entirely. We think he did not err.

It is settled that the recompense due by the separate estate of the wife for improvements placed thereon during marriage at the expense of the community, is the enhanced value, resulting to her separate estate from the improvements at the date of the dissolution of community.

Rev. C. C. 2408. Depas vs. Rees, 2 An. 43.

Babin vs. Nolan, 6 Rob. 514; 4 R. 286.

If the improvements be added by the husband out of his separate funds, under the same circumstances, the recompense due him by the separate estate of the wife must be settled by the same rule, as there is no difference in principle between the two cases.

Had the executor established, by sufficient proof, that this improvement was paid for out of his separate funds, he might have placed its proportionate value in the passive mass of the wife's separate estate as an amount due to him. He has chosen, however, to credit the amount to the active mass of the community and is bound thereby; which settlement, however, we consider entirely correct, because his own unsupported and uncorroborated evidence, opposed by all the intrinsic presumptions and probabilities of the case, is entirely insufficient to sustain the pretension that the expenditure was made out of his separate funds.

The judge, therefore, rightly rejected the item of $1340 in the passive mass of the community.

As to the reduction of the other item to $536, the result was reached by a rule which seems entirely equitable, viz: by making an average of the valuations placed by all the several witnesses on the store and land together and on the land or store alone. Of course, if any witness had made an unreasonable valuation affecting the general average unjustly, such might have been rejected. But, in the present case, there seems no reason to doubt that all the valuations were honestly made, and we see no rule, which the judge could have followed, more likely to reach a truthful result; and we shall not interfere with his allowance.

## II.

The attorney's fees allowed to the attorney of the executor were opposed. These fees were composed of various items, all of which were sustained, except two, viz: 1st, the charge of $700 for professional services in establishing the will of deceased.

These services were rendered in the interesting and novel suit of which the final decision is reported in 31 An. 315. It is shown that the will controlled the disposition of an estate, inventoried at more than $16,000. A reference to the decision of this Court will show that the questions involved in the case were novel, important, and so doubtful that they were only decided by a divided Court. The result was the maintenance of the will. We can perceive no principle upon which the fee of $700 charged by the successful attorney can be regarded as excessive, and we think the reduction thereof was entirely unwarranted. As to the reduction made in the other item for settling the community, those services passed under the eye of the judge *a quo*, and we shall not disturb his assessment of their value.

## III.

We find no error in the judgment of the court upon other items of the account opposed, which are generally of trifling amount.

We see no necessity for the amendments asked by appellee in his answer to the appeal.

It is, therefore, ordered, adjudged and decreed, the judgment appealed from be amended by increasing the total amount allowed E. B. Talbot, Esq., as fees, from $1350 to $1550, and that, as thus amended, the same be affirmed at cost of appellee.

Rehearing refused.