Judgment of the County Court reversed and that of the Justice's Court, reduced two dollars and sixteen cents, and as so reduced affirmed, with costs in the County Court and without costs in this court, and the order of the County Court directing that the costs of the plaintiff against Naetzker and Secula be set off, reversed without further costs.

---

JOSEPH W. HOPPER, Appellant, *v.* EMMA B. HOPPER, Respondent.

*Matrimonial action to annul a marriage where a former husband of the defendant is living — counsel fees cannot be allowed — Code of Civ. Proc. § 1743.*

Upon an application for counsel fees, made in an action brought to annul a marriage upon the ground that, at the time it took place, the former husband of the defendant was living, it appeared that the parties resided and were married in the State of New York; that the defendant had never been divorced from her former husband, and that both parties knew that the former husband was living. The plaintiff alleged good faith upon his part; the

defendant denied that allegation and, upon her part, alleged that she believed that she had a right to marry again.

*Held*, that the parties were not husband and wife;

That counsel fees advanced during the pendency of matrimonial actions were predicated upon the marriage relation, and that, where no such relation existed, there was no ground for the making of any allowance.

Appeal by the plaintiff, Joseph W. Hopper, from an order of the Supreme Court, made at the Monroe Special Term, bearing date the 26th day of August, 1895, and entered in the office of the clerk of the county of Steuben, directing him to pay to the attorneys for the defendant the sum of seventy-five dollars within twenty days from the service of the order, as counsel fee and for her expenses in conducting the defense of the action, and staying all proceedings on the part of the plaintiff until the payment of such sum.

*De Merville Page*, for the appellant.

*Dolson & Dolson*, for the respondent.

Bradley. J. :

The action was brought to procure a judgment declaring void the marriage contract of the parties for the alleged reason that the former husband of the defendant then was, and is living, and that the marriage with such former husband was then and is in force. (Code Civ. Proc. § 1743.)

Those facts are alleged and are admitted by the parties in their pleadings. And the only issues presented by the complaint and answer raise the question of the good faith of the parties respectively in contracting the marriage. The plaintiff alleges good faith on his part. This is denied by the answer of the defendant, who alleges that she acted in good faith and in the belief that she had the right to enter into the marriage contract with the plaintiff. This assertion of good faith was not founded upon the belief that her former husband was dead. Both the plaintiff and the defendant at the time of their marriage knew that he was still living. The case, therefore, does not come within the provisions of section 1745 of the Code of Civil Procedure. The parties are not husband and wife, and no judicial declaration is necessary to render the marriage ineffectual and invalid.

The answer alleges no defense in support of that relation of the plaintiff and the defendant, nor any facts which, if established, will deny to the court the power to direct the judgment sought by the plaintiff. The most that can be urged for them is that the good faith of the defendant and the want of it on the part of the plaintiff may furnish a reason to enable and induce the court in the exercise of its discretion to deny any relief to the plaintiff.

In support of that view is cited *Kerrison* v. *Kerrison* (8 Abb. N. C. 444). The defendant in that case had been divorced in an action by his former wife on the charge of adultery, and thus by the judgment and the statute was denied the right to marry during her life. He, nevertheless, went with the plaintiff into the State of New Jersey, and there being married, they returned to this State. The view of the court was that the marriage having taken place outside of this State was valid here, notwithstanding the statute prohibiting the marriage within the time there mentioned of a person divorced for adultery and declaring a marriage in violation of its provisions void. (2 R. S. 139, § 5, Laws of 1879, chap. 321, Code Civ. Proc. § 1761.)

The same doctrine was applied in *Van Voorhis* v. *Brintnall* (86 N. Y. 18), where it was held that the inhibition by the statute of remarriage in such a case was in the nature of a penalty, and that as the marriage there in question was valid in the State where it was contracted it was not void within this State on the return of the contracting parties to it; and in that respect *Marshall* v. *Marshall* (2 Hun, 238) was overruled.

The doctrine of those cases is not applicable to the present one. The parties resided and were married in this State. No judgment of dissolution of the marriage contract between the defendant and her former husband had been obtained by either of them. The marriage of the parties to this action was absolutely void, and the fact so appears by the pleadings.

Our attention is called to no case where the facts indisputably so appeared, in which an allowance of either alimony or counsel fee has been allowed *pendente lite*.

In *O'Dea* v. *O'Dea* (31 Hun, 441) the defendant in his answer alleged matters of defense and there were material issues to be tried.

This more fully appears in the report of the case on review. (101 N. Y. 23.)

In *Anonymous* (15 Abb. Pr. [N. S.] 311) material matter of defense was alleged, and in that connection the denial of certain allegations of the complaint, not essential to the action, was deemed to have been properly alleged in the answer as bearing upon the question of costs, etc.

The theory upon which advances are directed to be made during the pendency of an action for divorce, or for the anullment of a marriage contract as well as for alimony, is that the person seeking them stands in the relation of a wife, and to enable her to obtain such relief or to defend in that relation. (*Collins* v. *Collins*, 71 N. Y. 269.) That is not the situation of the defendant. She confessedly is not the wife of the plaintiff; nor does she defend as such. Her *status* in that respect will not be affected by the result of the action whatever it may be. The defendant has no opportunity upon the facts admitted and alleged by her answer to claim that she is the wife of the plaintiff, and, therefore, in the legal sense, her relation to the action for the purposes now under consideration cannot be treated as that of the wife of the plaintiff. If, however, for any cause the court may in its discretion deny judgment to the plaintiff it is unnecessary now to consider the consequences as to costs in favor of the defendant which may follow.

In *Marshall* v. *Marshall*, upon the conclusion reached that the marriage there in question was absolutely void, the court treating the plaintiff as guilty of contempt in contracting it, denied the relief sought by him. And in the *Kerrison* case the view of the court was that if the marriage there in question was void the plaintiff was not entitled to relief. That question, in its application to the present or any case where the marriage sought to be annulled is void, does not necessarily arise here, and is not considered on this review.

In *Appleton* v. *Warner* (51 Barb. 270), where the relief sought was a decree declaring the marriage void, the court held that as it so appeared, the defendant could not be treated as the wife of the plaintiff, and that he was under no obligation to pay her counsel, and reversed the order granting the defendant alimony and a sum as counsel fee.

In view of the undisputed facts in the present case there seems to be no reasonable support for the allowance.

The order appealed from should be reversed.

LEWIS, WARD and ADAMS, JJ., concurred.

Order reversed.