(24 Misc. Rep. 372.)

PARK v. PARK.

(Supreme Court, Special Term, New York County. July, 1898.)

1. MARRIAGE—ANNULMENT—RIGHT TO ALIMONY.
    Allowance for alimony to the wife, in a decree adjudging the marriage void ab initio, is improper.

2. SAME—MAINTENANCE OF CHILDREN.
    Under Code Civ. Proc. § 1751, authorizing the court to provide for the maintenance by the guilty parent of children the marriage of whose parents is annulled for force, duress, or fraud, a decree annulling a marriage because of a subsisting marriage between defendant and another cannot provide for the maintenance of children.

3. PERSONAL JUDGMENT—PROCESS—APPEARANCE.
    A personal judgment against one not served with process within the state, and not appearing in the action, is void.

4. DEFAULT JUDGMENT—REMEDY OF DEFENDANT.
    Under Code Civ. Proc. § 1294, restricting the right of appeal to parties not in default, the remedy of one aggrieved by an invalid default judgment is by motion to have it corrected.

Action by Margaret Park against Augustus Park to annul a marriage. Heard on motion by defendant to modify a decree of nullity. Granted.

Daniel Haight, for the motion.
Frederick W. Sherman, opposed.

PRYOR, J. In a judgment annulling a marriage because of a subsisting marriage between the defendant and another woman, provision is made for permanent alimony to the plaintiff. The foundation of the right to alimony being the duty of the husband to support his wife (Collins v. Collins, 80 N. Y. 1, 12), obviously, if the woman be not his wife, she can have no claim to alimony (Blinks v. Blinks, 5 Misc. Rep. 193, 25 N. Y. Supp. 768). As the marriage between these parties was not voidable merely, but void ab initio, the plaintiff was never the defendant's wife. Hopper v. Hopper, 92 Hun, 415, 36 N. Y. Supp. 610. Upon principle, there can be no provision for alimony in a decree of nullity (2 Bish. Mar. & Div. § 855), and the Code does not authorize it (section 1771, Code; Bartlett v. Bartlett, 1 Clarke, Ch. 460). The sum exacted of the defendant is devoted also to the maintenance of the children; but provision for children, in a judgment of nullity, is authorized only when the marriage is avoided for defect of legal consent. Code Civ. Proc. § 1751.

Upon another ground, however, the judgment is invalid, in so far as it awards alimony, maintenance, and costs. The defendant was not served with process within the state, nor did he appear in the action. The court, therefore, was without jurisdiction to impose upon him any personal obligation. Rigney v. Rigney, 127 N. Y. 408, 28 N. E. 405; Pennoyer v. Neff, 95 U. S. 714, 727.

Objection is urged that the relief sought is attainable only by appeal. But, since no appeal lies from a judgment on default, the sole and the appropriate remedy for error or irregularity in the decree is by motion in the action. Code Civ. Proc. § 1294; Moeschler v. Lochte, 12 N. Y. St. Rep. 855; Park v. Park, 80 N. Y. 156, 160.

The plaintiff is the innocent victim of a villain, and it is to be regretted that the intended reparation of her wrongs is illusory. Still, for the fraud in feigning to be a single man, the defendant is liable in damages, and for the bigamy may be sent to the state's prison.

Motion granted, without costs.