STELLA MAE NEALON, an Infant, by Her Guardian ad Litem, FRANK B. MAGEE, Respondent, v. JAMES J. NEALON, Appellant.

Fourth Department, March 9, 1921.

Husband and wife — annulment of marriage — action by wife on ground that she was not of age of legal consent — awarding custody of child to wife — compelling husband to support child — facts showing that husband was guilty parent — Code of Civil Procedure, section 1751, applied.

The court has the power, in an action brought by a wife for the annulment of her marriage on the ground that she was not of the age of legal consent, to award to her the custody and care of the issue of the marriage.

The defendant was the guilty parent, within the meaning of section 1751 of the Code of Civil Procedure, so that an order compelling him to pay toward the support of the child of the marriage was proper, where it appeared that at the time of the marriage he was over the age of legal consent and that the plaintiff was under sixteen years of age and was induced to leave her home without her parents' consent for the purpose of marriage, and that after living together for several months he abandoned the plaintiff without justification.

APPEAL by the defendant, James J. Nealon, from an interlocutory judgment in favor of the plaintiff, entered in the office of the clerk of the county of Steuben on the 9th day of July, 1920, on the decision of the court rendered after a trial at the Steuben Special Term, in so far as said judgment relates to the awarding to the plaintiff of the care, custody and control of the issue of the marriage between the parties, and to the payment of any sum or sums of money by the defendant to the plaintiff for the support of the child of said marriage.

*Whiteman & Hill* [*Floyd E. Whiteman* of counsel], for the appellant.

*Harry L. Allen,* for the respondent.

CLARK, J.:

The parties were married in March, 1919. They were both minors, the plaintiff being under sixteen years of age, and defendant being over eighteen, but under twenty-one. A child was born to them December 5, 1919, and it is still

living. The parties were living at the home of plaintiff's parents when the child was born, and this arrangement was with the consent of defendant. Plaintiff has been at the home of her parents with her child ever since it was born. About two weeks after the baby was born, and during very cold weather, and before plaintiff had the strength to go, defendant requested her to leave her father's house and live elsewhere. Plaintiff asked defendant to wait until spring, and he refused and left the home of her parents, telling plaintiff if she did not go then she would never go. Defendant was not requested to leave the home of his wife's parents, but was welcome there. He simply left his wife and child for no apparent reason excepting that the young mother would not leave at the time he requested it, and the reason she would not go then was because she did not have the strength to move so soon after the birth of her child, and the weather was the coldest of the winter.

Defendant left his wife in December, 1919, and this action was begun in February, 1920. The case was tried in May, 1920, and by the judgment entered July 9, 1920, the marriage was annulled, and the custody of the child was awarded to plaintiff, the mother, and defendant was required to pay three dollars per week toward the support of the child, and with leave to defendant to see the child at least once each month.

Defendant appeals from so much of the judgment as awards to plaintiff the care and custody of her little boy and directs defendant to pay three dollars per week toward his support, and urges that the learned trial court had no authority to make such provisions in the judgment, because defendant was not the guilty party, the marriage having been annulled because plaintiff was under the age of consent.

So far as the provision in the decree awarding the custody of the child to plaintiff is concerned, the position urged by defendant is without merit. This marriage was not void, but merely voidable. It was not a nullity, but was annulled because plaintiff was under the age of consent.

Section 1751 of the Code of Civil Procedure, as amended by chapter 202 of the Laws of 1919, distinctly provides in such a case that " The court, by the judgment or by sub-

sequent order, may award the custody of a child of the marriage to either party as the interests of the child require."

When the case was tried this child was less than six months old, and when the judgment was entered he was just seven months old. Manifestly the best interests of so young a child required that it be kept with the mother.

Defendant urges, however, that even though awarding the custody of the child to plaintiff was justifiable, he could not be compelled to provide for its support for the reason that he was not a guilty parent.

Section 1751 of the Code of Civil Procedure provides that the court can make provision for the maintenance of a child out of the property of the guilty parent, if the marriage shall be annulled. This marriage was annulled and the child is legitimate. Defendant was older than plaintiff at the time of the marriage, being between nineteen and twenty years of age, as stated on the argument, whereas, plaintiff was under sixteen years of age. He was above and plaintiff was below the age of consent. (Dom. Rel. Law, § 7, subd. 1.) The parties resided in Hornell and went to Elmira for the marriage. Plaintiff's parents evidently knew nothing about it for shortly after the marriage her father brought an action to have it annulled which failed because at the time the parties were living together and were seemingly happy and contented. That case was tried before the same justice who tried this case. From the fact that by this judgment the court required defendant to contribute toward the support of his child, the court must have adjudged that, as between the parties, the defendant was the guilty parent. That was a question of fact (*Bickford* v. *Bickford*, 74 N. H. 448), and the decision of the trial court was not only justified by the undisputed evidence as to his leaving his wife and child less than two weeks after the plaintiff was confined, when because of her weakened condition she could not go with him when he demanded it, but also because of the fact that he had induced a young girl less than sixteen years of age to leave her home without her parents' consent and had taken her for the purpose of marriage, which subjected him to the charge of abduction. (Penal Law, § 70.)

The facts before the trial court fully justified the conclusion

that defendant was guilty of conduct unworthy of a husband and father and that he was a guilty parent.

The case of *Park* v. *Park* (24 Misc. Rep. 372), relied upon by defendant, does not help him. In that case the wife brought an action to annul the marriage because the defendant had already a living wife. Alimony was refused because she was not and never had been defendant's wife, the marriage being absolutely void and she had no claim to alimony.

We find no other case in this State at all in point, but in several other States the father has been compelled to support his child in annulment cases even where there was no fraud, when the child was legitimate. (*Bickford* v. *Bickford*, 74 N. H. 448; *Palmer* v. *Palmer*, 79 N. J. Eq. 496.)

In the last case, plaintiff, husband and father of an infant child, was under the age of consent when the marriage was solemnized, and he brought action for annulment on that ground. The decree was granted, but provision was made that he should support his child. The court said: " The annulment of the marriage between these people did not make their child illegitimate, and does not take from them the quality of parents. They continue to be the parents of this child, and they are living separately; they will hereafter continue to live separately, not by virtue of any agreement between themselves, but by virtue of a decree of this court. * * * Plaintiff having escaped the burden of supporting his wife, he now seeks to escape the burden of supporting the child whom he acknowledged to be his child by marrying its mother. Such conduct cannot appeal in the least degree to a court of conscience."

The judgment of the trial court should be affirmed, with costs.

All concur.

Interlocutory judgment affirmed, with costs.