■
DONALD SHEA, Respondent, v. JOAN SHEA, Appellant.—▮

No opinion. MacCrate, Acting P. J., Murphy and Ughetta, JJ., concur; Schmidt and Beldock, JJ., dissent from that part of the judgment which grants custody to respondent and vote to grant a new trial with respect thereto, with the following memorandum: In our opinion, the evidence was insufficient upon which to make a finding that custody of this child of tender years should be given to the father. In custody proceedings, the paramount concern of the court is the infant's best interests, moral, physical, social and pecuniary. With that basic thought uppermost in mind, it is not only the right but the duty of the court to inquire into all matters that will shed light upon the fitness of the person to whom custody is granted or denied. To support a determination of custody there must be a satisfactory record — the examination and cross-examination of witnesses and parties. (*Matter of Thoemmes*, 238 App. Div. 541.) Appellant was denied custody in the case at bar as a result of an admission in her answer that she was an adulterous wife and that respondent is not, and that her paramour is, the father of her child. Other than this admission there is no proof of adultery in the record. In any event, while proof of adultery alone may be some evidence of unfitness, it is not of itself conclusive. (*Matter of Thorne*, 240 N. Y. 444, 450; *Matter of Stuart*, 255 App. Div. 811; *People ex rel. Boulware* v. *Martens*, 232 App. Div. 258.) The evidence as to unfitness on the record before us is very meagre and furnishes an inadequate basis upon which to determine the vital issue of custody of an infant of such tender age. Only in unusual circumstances, or where unfitness is clearly well founded, will a mother be denied custody of her child. It is well established that a mother, even though the guilty party in a matrimonial action, unless found unfit, will be favored by the court for purposes of custody, where infants of tender age are concerned. (*Safford* v. *Safford*, 31 Abb. N. C. 73; *Ullman* v. *Ullman*, 151 App. Div. 419;

*Nealon* v. *Nealon*, 195 App. Div. 694; *Radeff* v. *Radeff*, 272 App. Div. 582.) We do not say that appellant should have been granted custody, but we do think there is no substantial factual evidence warranting the determination made.